# Commonwealth ex rel. *v.* Brown, Appellant.

*Boroughs—Boards of health—Payment of expenses of board—Approval of orders by councils—Acts of May 11, 1893, P. L. 44 and June 18, 1895, P. L. 203—Borough treasurer.*

A borough treasurer is bound to pay an order drawn upon him by the officers of the board of health, for the payment of expenses of the board, up to the amount that has been appropriated to the board by the borough councils; and councils cannot require that such orders shall be approved by council or its auditing committee before payments.

Argued Dec. T., 1910.   Appeal, No. 48, Oct. T., 1910, by defendant, from order of C. P. Schuylkill Co., Jan. T., 1910, No. 173, awarding mandamus in case of Commonwealth ex rel. W. H. Robinson v. C. T. Brown, treasurer of the borough of Pottsville, and the borough of Pottsville. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.   Affirmed.

Petition for mandamus.

SHAY, P. J., filed the following opinion:

The complainant in his petition sets forth that prior to the first day of November, 1909, the board of health of the borough of Pottsville was duly organized under the act of May 11, 1893, and that he at that time was, and ever since has been, and still is, the duly appointed, qualified, and acting secretary of the said board of health; that his salary was fixed by said board at $30.00 per month, and that he duly performed the duties of said office during the month of November, 1909; that he also, at the request of said board, vaccinated one John Detilio, for which services the said board agreed to pay him the sum of fifty cents; that, in pursuance of the seventh section of said act of May 11, 1893, the town council of the said borough of Pottsville, on May 16, 1909, made an appropriation to

the said board of health of the sum of $1,000, for the purpose of paying the expenses incurred by the said board in the discharge of its duties; that the treasurer of the said borough, from and after said date, paid all orders drawn by the said board of health upon the said treasurer up to December 1, 1909, up to which time the said board had drawn orders amounting to $733.53; that C. T. Brown was duly elected treasurer of the said borough and took upon himself the duties of said office, and is still acting as the said borough treasurer; that on the first day of December, 1909, the said board of health drew its order on the said treasurer, directing the said treasurer to pay the said William H. Robinson the sum of $30.50, a copy of which order is as follows:

"No. 464.           Board of Health.           Dec. 1, 1909.

The Treasurer of Pottsville, Pa., C. T. Brown, will please pay W. H. Robinson, Sec., or order, Thirty 50/100 Dollars, on account of Secretary, $30.00, vaccination, John Detilio, .50.

"$30 50-100.                      J. B. Rogers, Pres.
       " W. H. Robinson, Sec."

The said order was duly presented to the said C. T. Brown, treasurer, as aforesaid, on December 1, 1909, and payment of the said sum of $30.50 was demanded by said William H. Robinson, but the said C. T. Brown, treasurer, refused to pay the said sum of $30.50, or any part thereof.

The petitioner further alleges that there is still in the hands of the treasurer, $266.47 of the $1,000 appropriated by the said borough council to the said board of health, and that said Brown still refuses to pay the said sum of $30.50 to your petitioner, although he has been requested so to do; and therefore prays that a writ of mandamus may issue, commanding the said C. T. Brown to pay the petitioner the said sum of $30.50; and he will ever pray, etc.

C. T. Brown, treasurer, files an answer, in which he admits that Robinson is secretary of the board of health

and that he presented an order to this respondent for the payment of $30.50. Respondent says that he does not know whether, as alleged in plaintiff's petition, the sum of $1,000 has been appropriated by the said borough council for the purpose of paying the expenses incurred by the board of health, but denies that an order was ever drawn by the borough council in favor of the board of health for the said sum of $1,000, and there is, therefore, to be held by him subject to the order of the board of health, no money in his hands which said board of health may draw upon to meet the necessary expenses incurred by said board; and avers that as treasurer of the borough of Pottsville he is the custodian of the funds of the municipality and cannot pay them to anyone without a warrant issued by the town council and properly authenticated by the officers. That it is true that on former occasions the respondent has paid orders drawn upon him by the board of health, but this was done merely as a matter of courtesy, and only for the accommodation of the payee named in the order, and in anticipation of reimbursement by the town council, which, at its next meeting, invariably authorized warrants to be issued for the payments thus made. But the respondent has recently been notified by council that such payments should be discontinued, unless an order be approved by town council or an authorized committee of the same. That plaintiff had also, before this action was brought, been notified by council that no more orders of the board of health will be honored unless the same will be first submitted to the auditing committee of council and approved by them, and that said plaintiff should therefore have submitted his order to this committee and secured its approval of the same before presenting it; that if he had done this, it would have been paid upon presentation, all of which this plaintiff knew before bringing this action. Wherefore the respondent respectfully asks that he be hence dismissed with his reasonable costs in this behalf expended.

K. C. Wilson, president of the town council, in be-

half of said borough, makes answer: That William H. Robinson is the secretary of the board of health; that the salary of the secretary as fixed by the board of health, the amount named in the complainant's petition, is probably correct, but it is doubtful whether the item of fifty cents in the bill of complainant is a proper charge, or if proper, whether it is not a violation of the sixty-sixth section of the Act of March 31, 1860, P. L. 382; that it is true that the borough of Pottsville, on May 16, 1909, appropriated the sum of $1,000 to the board of health for the fiscal year ending on the first Monday of March, 1910, and that this appropriation is not yet exhausted; that it is also true that said board of health has already expended the sum of $733.53 of this appropriation, which has given rise to the impression in the council that the board of health is making contracts in excess of the amount appropriated thereto, and its entire appropriation will be exhausted long before the end of the fiscal year. The respondent borough is advised by counsel that it has absolute control of the financial affairs of the borough and of the municipal treasury, and may declare in what manner public funds shall be drawn out of the treasury; that it is its duty to guard against the illegal expenditure of public moneys, to scrutinize the bills of every department of the local government, and to refuse payment of all such as are improper and illegal. That, guided by this advice, and in the exercise of its prerogative, it has directed the board of health to submit its bills to council before presenting the same to the treasurer for payment, and has notified the treasurer to pay no orders of the board of health unless approved by the council. That the complainant has not presented his bill to council or its auditing committee, nor has he applied to council for any warrant, order or voucher for its payment. That the claim of complainant has never been passed upon by council and payment thereof, has, therefore, never been refused, and will not be refused if found to be a legitimate item of expense, which should be paid by the municipality, after the same is pre-

sented in the regular and proper way. That deponent, having shown that respondent borough is not in default, respectfully asks that it be hence dismissed with its reasonable costs in that behalf unjustly sustained.

The question presented here for our determination is, whether it is necessary that orders drawn by the board of health, in payment of bills contracted by it, shall first be presented to council for its approval, before being presented to the borough treasurer for payment. This question, as far as we have been able to find, has never been decided by any court, nor have counsel on either side furnished us with an authoritative decision on the subject. We are, therefore, compelled to decide the question by a construction of the acts of assembly and the reasoning derived from analogous cases decided by the courts of Pennsylvania.

The Act of May 11, 1893, is entitled, "An Act to enable borough councils to establish boards of health." Section 1 provides that the president of the town council, or the burgess, where he is the presiding officer, within six months after the passage of this act, shall "nominate and by and with the consent of the council appoint a board of health of such borough to consist of five persons not members of the council, one of whom shall be a reputable physician of not less than two years standing in the practice of his profession." Section 3 provides: "The members of the board shall severally take and subscribe the oath prescribed for borough officers, and shall annually organize by the choice of one of their number as president. They shall elect a secretary, who shall keep the minutes of their proceedings and perform such other duties as may be directed by the board, and a health officer who shall execute the orders of the board, and for that purpose the said health officer shall have and exercise the powers and authority of a policeman of the borough. The secretary and the health officer shall receive such salary as may be fixed by the board, and shall hold their offices during the pleasure of the board. They shall severally give bond

to the borough in such sums as may be fixed by ordinances, for the faithful discharge of their duties, and shall also take and subscribe the oath required by the members of the board." Section 4 provides: "The said board of health shall have power, and it shall be their duty, to make and enforce all needful rules and regulations to prevent the introduction and spread of infectious or contagious diseases," etc.; "to enforce vaccination, to mark infected houses or places," etc. "They shall also have power with the consent of the councils in case of the prevalence of any contagious or infectious disease within the borough to establish one or more hospitals and to make provision and regulations for the management of the same.

" The board may in such cases appoint as many ward or district physicians and other sanitary agents as they may deem necessary, whose salaries shall be fixed by the board before their appointment." The board shall have power to abate nuisances, and they may maintain a system of registration of births and marriages. "The board shall make and cause to be published, all necessary rules and regulations for carrying into effect the powers and functions with which they are hereby invested, which rules and regulations, when approved by the borough council and chief burgess, and when advertised in the same manner as other ordinances, shall have the force of ordinances of the borough." Section 7: "It shall be the duty of the board of health to submit annually to the council before the commencement of the fiscal year, an estimate of the probable receipts and expenditures of the board during the ensuing year, and the council shall then proceed to make such appropriation thereto as they shall deem necessary." And then it provides that they shall submit a report in writing to the council at the beginning of the year, and communicate to the state board of health at least annually.

The Act of June 18, 1895, P. L. 203, is entitled, "An Act to provide for the more effectual protection of the public health in the several municipalities of this commonwealth,"

and gives to boards of health more extensive powers. It also provides that the board of health "may adopt more stringent rules and regulations than are herein provided, for the disinfection, preparation and burial of the bodies of persons who have died of any of the diseases named in this section, which rules and regulations they may from time to time alter or amend."

After a careful perusal of these acts of assembly, we are all of the opinion that it was designed by the legislature to establish a small body of men, known as a board of health, who could act quickly and efficaciously in sudden emergencies, for the protection of the public health; and it was designed, as we read the acts, to make them an independent organization, subject only to the control of the borough councils, as designated in the acts. It is provided that the beginning of each year the board of health shall submit to council an estimate of the probable amount of their receipts and expenditures for the ensuing year. Council shall then proceed to make such appropriation thereto as they shall deem necessary. The money so appropriated is to pay for the estimated expenses of the board of health; and we are of the opinion that the treasurer is bound to pay an order drawn upon him by the officers of the board of health, for the payment of the expenses of the board of health, at least up to the amount of their appropriation. They are not a committee of council; they are not one of its departments, but an independent organization, created by act of assembly, and subordinate to council in some respects, appointed by them, and, in several instances quoted from the act of assembly, are to have the consent of council in framing rules which shall have the effect of ordinances, and the erection of a municipal hospital. All other duties imposed upon the board of health are in their discretion. .

The principle, expressio unius est exclusio alterius, applied to the acts of assembly above quoted, would sustain us in the above interpretation. The cases cited by the respondent are no doubt the law, but not applicable to the

case at bar.   They all refer to orders drawn by the borough in the natural course of its business, and have no reference to orders drawn by a board of health.

In the case of Com. v. Sholtis, 24 Pa. Superior Ct. 487, 489, we find the Superior Court saying: "It [the order] was not drawn upon or against any particular fund, but was an order to the treasurer to pay out of the general funds of the borough."

In Borger v. Alliance Borough, 28 Pa. Superior Ct. 407, the court said: "The plaintiff had, without the authority of the board, furnished supplies upon the orders of different persons who were quarantined.   The circumstances under which the goods were furnished give him no claim against the borough.   What the board of health might have authorized they were vested with a discretion to ratify.   The burden was upon the plaintiff to show that they had ratified the sale of these particular goods upon the credit of the borough.   The board of health was not bound to ratify any of the transactions.   It might, in its discretion, determine that the claim for goods furnished to one individual had merit and should be paid, and at the same time decline to place the burden of any other claim upon the public.   It might be convinced that one item in any particular bill was just, but that all others therein should be repudiated."

In the case of Wilson v. Montrose Borough, 12 Pa. Dist. Rep. 754, it is held: "A borough board of health may impose necessary expenses upon the borough in the performance of its statutory duties, although it may have omitted its duty under the Act of May 11, 1893, P. L. 44, to submit annually to the borough council an estimate of the probable receipts and expenditures for the ensuing year, or the borough council may have neglected to make an appropriation for the use of the board."

The above-cited cases show conclusively that there are many things left to the discretion of the board of health and to be exercised by it alone, without any control or supervision of the town council.   They would be answer-

able for a wrongful or illegal exercise of their discretion, the same as any other corporate body or individual. They should be untrammeled, as far as possible, in the exercise of the duties cast upon them by the act of assembly, so that they may carry out the provisions of the act in spirit as well as in the letter. To compel them to have council approve of every bill and every item of expense before it is entered into or contracted, might often render their efficacy abortive.

We have no doubt, after a careful consideration of the acts of assembly and of all the authorities which, throw any light upon the subject, that the treasurer is bound to pay the order drawn upon the appropriation by the members of the board of health. With regard to the fifty cents charged in this bill for vaccination we are in some doubt. We do not think the petition for mandamus sets forth the facts concerning this charge with sufficient precision and accuracy. Were a resolution of the board of health attached to this petition, or contained therein, showing that the secretary was directed to vaccinate this man, and his compensation agreed upon before he performed the duty, we would be better able to decide the question presented by this item. We think the petition, on this one item, lacks precision and accuracy, and therefore we will not direct a mandamus to issue as to that charge, but only for the sum of $30.00, the salary of the secretary of the board of health, as fixed by them, and on which amount there is no dispute.

And now, February 14, 1910, a peremptory mandamus on C. T. Brown, treasurer of the borough of Pottsville, is directed to issue, commanding him to pay to the petitioner, William H. Robinson, M. D., secretary of the board of health of the borough of Pottsville, the sum of $30.00.

*Error assigned* was the order of the court.

*E. P. Leuschner*, for appellant.

*Guy E. Farquhar,* with him *Otto E. Farquhar,* for appellees.

OPINION BY RICE, P. J., March 3, 1911:

In the judgment of the majority of the judges of this court, this case was correctly decided by the common pleas and its judgment is affirmed upon the opinion of President Judge SHAY.

BEAVER, J., dissents.